Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group
11445 E Via Linda, Ste 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| ATUL MINOCHA, | ) Case No. |
|---|---|
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| vs. | ) **JURY TRIAL DEMANDED** |
| MERCEDES-BENZ USA, LLC, | ) |
| Defendant. | ) |

**NATURE OF THE ACTION**

1.   Plaintiff Atul Minocha ("Plaintiff") brings this action against Defendant Mercedes-Benz USA, LLC ("Defendant") pursuant to the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*, and Nevada's Lemon Law ("NVLL"), Nev. Rev. Stat. § 597.600, *et seq.*

**JURISDICTION AND VENUE**

2.   Jurisdiction exists under 28 U.S.C. § 1331 because this matter involves a federal question pursuant to the MMWA. Jurisdiction is also conferred at 15 U.S.C. § 2310(d) because the amount in controversy exceeds $50,000.00.

3.   The amount in controversy in this matter exceeds $50,000.00 because the purchase price of the vehicle at issue, including registration charges, document fees and sales tax, totaled at least $194,985.01. Moreover, all collateral charges incurred in Plaintiff's acquisition and possession of the vehicle, diminished value of the vehicle, and incidental and consequential damages, including

but not limited to cover, loss of use, aggravation, and inconvenience are themselves averred to exceed $50,000.00.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper before this Court, where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Defendant transacts business in this district, and where Plaintiff purchased the vehicle at issue in this district.

## INTRADISTRICT ASSIGNMENT

6. Pursuant to Civil L.R. 3-2(c) and (d), assignment to the San Francisco Division is proper because a substantial part of the conduct which gives rise to Plaintiff's claims occurred in this district. Specifically, Plaintiff purchased the vehicle at issue in San Francisco, California.

## PARTIES

7. Plaintiff is a "consumer" as defined by the MMWA, 15 U.S.C. § 2301(3).

8. Plaintiff is a "buyer" as defined by the NVLL, Nev. Rev. Stat. § 597.600(1).

9. Defendant is a Delaware entity engaged in the manufacture, sale, and distribution of vehicles and related equipment and services in the State of California.

10. Defendant is engaged in the business of making a consumer product directly or indirectly to consumers.

11. Specifically, Defendant distributes products into commerce under its own brand name and provides services to the public at large through a system of authorized sales and repair/service centers ("authorized agents"), including Mercedes-Benz of San Francisco ("Seller").

12. Defendant is a "supplier" as defined by the MMWA, as defined by 15 U.S.C. § 2301(4).

13. When making such products available, Defendant gives or offers to give a written warranty.

14. Similarly, Defendant is or may be obligated under an implied warranty.

15. Thus, Defendant is a "warrantor" as defined by the MMWA, 15 U.S.C. § 2301(5).

**FACTUAL ALLEGATIONS**

16. On or about January 31, 2021, Plaintiff purchased a 2021 Mercedes-Benz G550 Wagon Truck ("G Wagon"), manufactured and distributed by Defendant, Vehicle Identification No. W1NYC6BJ3MX365698, for valuable consideration.

17. Plaintiff purchased the G Wagon to normally use for personal, family, or household purposes.

18. The G Wagon is a "consumer product" as defined by the MMWA, 15 U.S.C. § 2301(1).

19. The price of the G Wagon, including registration charges, document fees and sales tax but excluding other collateral expenses, totaled at least $194,985.01.

20. Defendant engaged in an aggressive advertising and marketing campaign in order to induce Plaintiff's purchase of the G Wagon.

21. One of the main selling points to induce Plaintiffs' purchase was that the G Wagon would fulfill Plaintiff's needs and desires for a vehicle capable of "off-roading" once at a destination, while traveling in luxury to get there.

22. Plaintiff was unable to purchase a G Wagon directly from Defendant, and was obligated to, and could only, purchase the G Wagon from one of Defendant's authorized dealers, such as Seller.

23. In consideration for the purchase of the G Wagon, Defendant, by and through Seller, issued and supplied to Plaintiff its written warranty, which included a four year fifty thousand mile "basic" warranty, as well as other warranties fully outlined in the Defendant's New G Wagon Limited Warranty booklet.

24. Defendant created contractual privity with Plaintiff by issuing its written warranty to him.

25. Plaintiff was unable to obtain Defendant's written warranty, or obtain services pursuant to Defendant's written warranty, directly from Defendant, and was obligated to and could only, do so through Defendant's authorized dealers, such as Seller.

26. On or about January 31, 2021, Plaintiff took ownership of the G Wagon.

27. Shortly thereafter, the G Wagon experienced defects and/or nonconformities within its engine and/or electrical system, as evidenced by the persistently intermittent illumination of the check engine warning light.

28. These defects and/or nonconformities substantially impair the G Wagon's use, value and/or safety to Plaintiff.

29. These defects and/or nonconformities existed at the time of delivery and violate Defendant's implied warranty of merchantability to Plaintiff.

30. Plaintiff delivered the G Wagon to Defendant, through its authorized dealership network, on numerous occasions to repair these defects and/or nonconformities.

31. The G Wagon has been subject to repair at least four times for these defects and/or nonconformities.

32. Nevertheless, the G Wagon remains uncorrected and remains in an unmerchantable condition.

33. The G Wagon has been out of service by reason of repair for over thirty days for these defects and/or nonconformities.

34. Nevertheless, the G Wagon's defects and/or nonconformities remain uncorrected

35. Plaintiff provided Defendant, through its authorized dealership network, sufficient opportunities to repair the G Wagon.

36. Defendant was unable to and/or has failed to repair the defects and/or nonconformities, as provided in Defendant's warranty, despite being given a reasonable number of attempts to do so.

37. As a result of Defendant's ineffective repair attempts through its authorized dealership network, the G Wagon cannot be utilized for personal, family and household use as intended by Plaintiff at the time of acquisition.

38. For example but not limitation, Plaintiff lost use of the G Wagon for travelling purposes, as intended at the time of purchase.

39. Plaintiff planned to use the G Wagon to travel to destinations including but not limited to the Grand Canyon, Colorado, Seattle, and Yellowstone.

40. But because of the G Wagon's uncured defects and/or nonconformities, and Defendant's ineffective repair attempts through its authorized dealership network, Plaintiff cannot confidently, safely, or reliably travel in the G Wagon as intended by Plaintiff at the time of purchase.

41. Plaintiff has justifiably lost confidence in the G Wagon's safety and reliability generally.

42. As a result of Defendant's ineffective repair attempts through its authorized dealership network, Defendant's written warranty failed of its essential purpose.

43. Said defects could not reasonably have been discovered by Plaintiff prior to Plaintiff's acceptance of the G Wagon.

44. As a result of these defects and/or nonconformities, Plaintiff hereby revokes acceptance of the G Wagon in writing.

45. At the time of revocation, the G Wagon is in substantially the same condition as at delivery except for damage caused by its own defects, and ordinary wear and tear.

46. Plaintiff has been and will continue to be financially damaged due to Defendant's intentional, reckless, wanton, and negligent failure to comply with the provisions of its written warranty and its failure to provide Plaintiff with a merchantable G Wagon.

47. Plaintiff has suffered actual damages, as well as incidental and consequential damages including but not limited to $1,250 for clear bra kit, loss of use, and attorney fees and costs, due to Defendant's intentional, reckless, wanton, and negligent failure to comply with the provisions of its written warranty and its failure to provide Plaintiff with a merchantable G Wagon.

## COUNT I
## MMWA – BREACH OF WRITTEN WARRANTY

48. Plaintiff repeats and re-alleges each factual allegation above.

49. Defendant is a supplier engaged in the business of making a consumer product directly available to Plaintiff.

50. Plaintiff is a purchaser of a consumer product who received the G Wagon during the duration of a written warranty period applicable to the G Wagon and who is entitled by the terms of the written warranty to enforce against Defendant the obligations of said warranty.

51. Plaintiff's purchase of the G Wagon was accompanied by a written factory warranty for any defects in material or workmanship, comprising an undertaking in writing in connection with the purchase of the G Wagon to repair or replace defective parts, or take other remedial action free of charge to Plaintiff with respect to the G Wagon in the event that the G Wagon failed to meet the specifications set forth in Defendant's warranty.

52. Defendant's warranty was the basis of the bargain of the contract between the Plaintiff and Defendant for the sale of the G Wagon to Plaintiff.

53. Plaintiff's purchase of the G Wagon was induced by the promises within Defendant's written warranty, which Plaintiff relied on.

54. Seller is an authorized dealership/agent of Defendant designated to perform repairs on G Wagons under Defendant's G Wagon warranties.

55. Plaintiff has met all obligations and preconditions as provided in Defendant's written warranty.

56. As a direct and proximate result of Defendant's failure to comply with its written warranty, Plaintiff has suffered damages.

57. The MMWA is applicable to Plaintiff's Complaint in that the G Wagon was manufactured and sold after July 4, 1975, and costs in excess of ten dollars ($10.00).

58. Plaintiff is entitled to bring suit for such damages and other legal and equitable relief pursuant to section 2310(d) of the MMWA.

WHEREFORE, pursuant to 15 U.S.C. § 2310(d), Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant breached its written warranty;

b) Allowing Plaintiff to revoke acceptance of the defective G Wagon and ordering replacement with a brand new like and kind;

c) Awarding diminution in value damages;

d) Awarding incidental and consequential damages;

e) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## MMWA – BREACH OF IMPLIED WARRANTY

59. Plaintiff repeats and re-alleges each factual allegation above.

60. The G Wagon was subject to an "implied warranty" of merchantability, as defined in 15 U.S.C. § 2301(7), running from Defendant to the intended consumer, Plaintiff.

61. Defendant is a supplier of consumer goods as a person engaged in the business of making a consumer product directly available to Plaintiff.

62. Defendant is prohibited from disclaiming or modifying any implied warranty when making a written warranty to the consumer or when Defendant has entered into a contract in writing within ninety (90) days from the date of purchase to perform services relating to the maintenance or repair of a motor vehicle like the G Wagon.

63. Pursuant to 15 U.S.C. § 2308, the G Wagon was impliedly warranted to be substantially free of defects in both material and workmanship, and thereby fit for the ordinary purpose for which it was intended.

64. The G Wagon was warranted to pass without objection in the trade under the contract description, and was required to conform to the descriptions contained in the contracts and labels.

65. The above described defects and/or nonconformities in the G Wagon render it unmerchantable and thereby not fit for the ordinary and essential purpose for which it was intended, and as represented by Defendant.

66. Plaintiff is without the reasonable value of the G Wagon due to Defendant's breach of the implied warranty of merchantability.

67. Plaintiff has suffered and continues to suffer various damages due to Defendant's breach of the implied warranty of merchantability.

WHEREFORE, pursuant to 15 U.S.C. § 2310(d), Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant breached its implied warranty of merchantability;

    b) Allowing Plaintiff to revoke acceptance of the defective G Wagon and ordering replacement with a brand new like and kind;

    c) Awarding diminution in value damages;

    d) Awarding incidental and consequential damages;

    e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## NVLL

68. Plaintiff repeats and re-alleges each and every factual allegation above.

69. Defendant's actions as described herein constitute a violation of Nev. Rev. Stat. § 597.630.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated Nev. Rev. Stat. § 597.630;

    b) Ordering Defendant to take back the defective G Wagon and replace it with a brand new like and kind;

    c) Awarding Plaintiff reasonable costs incurred in this action;

    d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    e) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

70. Plaintiff is entitled to and hereby demands a trial by jury for all causes so triable.

Dated: September 3, 2021

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV (SBN. 325944)
Thompson Consumer Law Group
11445 E Via Linda, Ste 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff